10265

STATE v. ROGERS.

(100 S. E. 143.)

1. BIGAMY—OBJECTION TO INDICTMENT NOT WELL TAKEN.—Indictment charging bigamy *held* snfficient as against objections that it did not show jurisdiction of Court, that State was not named as a party, and that it did not run in name of State.

2. BIGAMY—ORIGINAL MARRIAGE LICENSES ADMISSIBLE IN EVIDENCE.— In prosecution for bigamy, the original marriage licenses issued to defendant by clerk of Court, who was authorized by Civ. Code 1912, sec. 3745, to issue them, in form prescribed by section 3745, *held* admissible in evidence under section 3750, where proved by clerk of Court, who had them in his possession under section 3747.

Before SHIPP, J., Oconee, Spring term, 1919. Affirmed.

Alex Rogers was convicted for bigamy, and he appeals.

Following is the indictment referred to in opinion:

"The State of South Carolina, County of Oconee. At a Court of General Sessions, begun and holden in and for the county of Oconee, in the State of South Carolina, at Walhalla Courthouse, in the county and State aforesaid, on the first Monday of March, in the year of our Lord one thousand nine hundred and nineteen, the jurors of and for the county aforesaid, in the State aforesaid, upon their oath present:

"That Alex M. Rogers, late of the county and State aforesaid, on the 11th day of September, in the year of our Lord one thousand nine hundred and thirteen, at Walhalla Courthouse, in the county of Oconee, and State of South Carolina, did marry one Myrtle Lusk, and her, the said Myrtle Lusk, then and there had for wife, and that the said Alex M. Rogers, afterwards, and while he was so married to the said Myrtle Lusk as aforesaid, to wit, on the 11th day of September, in the year of our Lord one thousand nine hundred and

eighteen, with force and arms, at Walhalla Courthouse, in the county of Oconee, and State of South Carolina, feloniously and unlawfully did marry and take to wife one Celia May Bolick, and to her the said Alex M. Rogers was then and there married, and her the said Alex M. Rogers then and there had for wife, the said Myrtle Lusk Rogers, his former wife, being then alive, against the form of the statute in such case made and provided, and against the peace and dignity of the State. John K. Hood, Acting Solicitor."

*Mr. J. R. Earle,* for appellant, submits: *The indictment does not sufficiently charge the offense of bigamy:* Criminal Code, sec. 381. *There are no appropriate words which show that the State of South Carolina is the plaintiff:* State Constitution, article V, sec. 31. *As to actions and the necessity for naming the actor:* Code of Civil Procedure, secs. 2 and 4.

*Mr. J. K. Hood, Acting Solicitor,* for the State.

August 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appealed from sentence on conviction of bigamy. He complains of error in overruling his demurrer to the indictment on the ground: (1) That it did not show jurisdiction of the Court: (2) that the State was not named therein as a party to the action; and (3) that it does not run in the name of the State. It appears from inspection of the indictment, which will be reported, that none of these objections are well taken. It is in the usual form, which has been approved by immemorial practice and the authorities. 1 Bish. Cr. Pros., secs. 409, 411.

There was no error in admitting in evidence the original marriage licenses issued to defendant by the clerk of Court.

They were proved by the testimony of that officer, who was authorized by the statute (1 Civ. Code 1912, sec. 3745) to issue them, and who issued them in the form prescribed by the statute (*Id.* 3746), upon the application of defendant, and who had possession of them by virtue of the provision of the statute (*Id.*, sec. 3747). The statute (*Id.*, sec. 3750) makes the original license, or a copy thereof, together with the certificate of marriage, indorsed thereon and properly filled out, and signed by the person who performed the marriage ceremony, and by both the contracting parties, sufficient evidence of the contract of marriage between the parties therein named, in any of the Courts of this State.

Both licenses and the certificates indorsed thereon were in exact accord with the provisions of the statute, and were competent evidence. Besides, the fact that both marriages took place in Oconee county was proved by the testimony of the person who performed both ceremonies. Therefore the contention that there was no evidence of the several marriages is clearly untenable, as is also the contention that defendant was not confronted with the witnesses against him.

Judgment affirmed.